# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| YORAM AVNERI § | |
| § | |
| v. § | Civil Action No. 4:16-CV-00917 |
| § | Judge Mazzant |
| HARTFORD FIRE INSURANCE § | |
| COMPANY § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Hartford Fire Insurance Company's Motion to Exclude, or in the Alternative, Limit Testimony from Julie Needham of Scope Ready, LLC (Dkt. #16) and Plaintiff Yoram Avneri's Opposed Motion for Leave to Amend Designation of Expert Witnesses (Dkt. #22). After reviewing the motions, the Court denies both motions.

## BACKGROUND

This case arises from an insurance dispute in which Yoram Avneri ("Avneri") seeks full recovery for roof damage of his commercial property from Hartford Fire Insurance Company ("Hartford") after a hail event occurring in April 2016 (Dkt. #16).

Avneri initially filed the claim in Denton County on October 18, 2016 (Dkt. #2). Hartford removed the case to the Eastern District of Texas, Sherman Division, on November 30, 2016 (Dkt. #1).

On February 3, 2017, the Court entered a Scheduling Order (Dkt. #13). The Scheduling Order established April 5, 2017, as the deadline for Avneri's disclosure of expert testimony; April 19, 2017, for Avneri to file amended pleadings; and May 3, 2017, for Hartford's disclosure of expert testimony (Dkt. #13). According to the Scheduling Order, Hartford had until May 17, 2017, to object to any other party's expert witnesses (Dkt. #13). On April 5, 2017, Avneri filed its

Designation of Expert Witnesses (Dkt. #14). Avneri designated Julie Needham ("Needham") as an expert witness and James M. McClenny as a testifying witness. Both of these witnesses were classified as "Plaintiff's Retained Experts." With the designation, Avneri attached Needham's resume, but did not include Needham's opinions, facts, exhibits, a list of Needham's publications, or past cases.

On May 16, 2017, Hartford filed a Motion to Exclude Testimony from Julie Needham, claiming the disclosure did not satisfy the requirements under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure (Dkt. #16). Avneri filed a Response on May 31, 2017 arguing its disclosure met Rule 26(a) requirements because Needham was a non-retained expert (Dkt. #21). Further, Avneri proclaimed Needham's designation did not prejudice Hartford (Dkt. #21). Hartford replied to Avneri's response on June 7, 2017 pointing out that Avneri's initial designation classified Needham as a retained witness (Dkt. #24).

On June 5, 2017, Avneri filed a Motion for Leave to Amend Designation of Expert Witnesses after becoming "aware that its Designation of Expert Witnesses was incomplete" (Dkt. #22).[1] In the amended designation, Avneri seeks to include an additional expert witness, Greg Becker ("Becker"). Becker inspected the commercial property on May 30, 2017—almost two months after Avneri's deadline for identifying witnesses. Avneri explained in the motion that Becker's report would "be supplemented as soon as it is completed and provided to [Avneri]." Avneri included in its motion for leave an amended expert designation, which included a description of Becker's proposed testimony, resume, previous cases, and compensation schedule (Dkt. #22, Exhibit 2). On August 11, 2017, Avneri filed a notice of his supplemental witness

---

[1] Avneri mistakenly filed this motion on May 30, 2017 as "unopposed." After Hartford contacted both the Court and Avneri, the motion was disregarded and "filed in error by attorney."

2

designation (Dkt. #30). In this supplemental designation, Avneri represented that he produced Becker's report.

## LEGAL STANDARD

An expert report must be "detailed and complete . . . to avoid the disclosure of 'sketchy and vague' expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). To eliminate unfair surprise, Rule 26(a)(2)(B) requires that a disclosure of retained expert witnesses is accompanied with a report that is written and prepared by the witness. FED. R. CIV. P. 26(a)(2)(B). This report must include: (1) a statement of all opinions the witness will express and the reasons for them; (2) the facts considered in forming the opinions, (3) exhibits that support them; (4) the witness's qualifications and list of publications the witness authored in the last ten years; (5) a list of all other cases in which the witness was an expert for the last four years; and (6) and a statement of compensation. *Id.*

The requirements for non-retained witnesses are more lenient. It requires a statement of the subject matter and a summary of the expected facts and opinions of which the expert will testify. *Id.* 26(a)(C)(i)–(ii). Any necessary supplementation to an expert report must be disclosed according to the deadlines set out in the Scheduling Order. *Id.* 26(e)(2). If a party fails to identify a witness or provide information, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* 37(c)(1).

## ANALYSIS

Hartford asks the Court to exclude Needham's testimony, or, at a minimum, limit Needham's testimony to only the subject matter of repairs in the estimate, without regard to

causation. Avneri moves for leave to amend the designation of expert witnesses to add Becker. The Court addresses each motion in turn.

### A. Hartford's Motion to Exclude, or in the Alternative, Limit Testimony

The first question before the court is whether Needham's testimony meets the requirements of Rule 26(a)(2). Hartford argues Avneri's designation for retained experts is insufficient because Needham's designation does not contain: (a) the complete statement of all opinions the witness will express and the basis and reasons for them; (b) the facts or data considered by the witness in forming them; and (c) any exhibits that will be used to summarize or support them. *See* FED. R. CIV. P. 26(a)(2)(B)(i)–(iii). The Court agrees.

Avneri's disclosure does not meet the requirements of Rule 26. Avneri did not include a record of Needham's compensation, past instances of testimony, or any facts or opinions that Needham will testify. Moreover, there is no indication on the unsigned repair estimate that Needham authored it. The estimate's only indication of authorship is that it is "Plaintiff's Scope Ready, LLC Expert Estimate." Avneri argues Needham is a non-retained witness because she was not "specially employed as a witness for the sole purpose of litigation."[2] Under Avneri's original designation, however, Needham is listed under "Plaintiff's Retained Experts" which Hartford uses to demonstrate that the disclosure must meet the requirements for retained experts.

Hartford argues that even if the Court considers Needham as a non-retained expert, the disclosure remains insufficient. Non-retained experts are not required to provide a report, but Rule 26 requires a summary of the facts and opinions on which the non-retained expert will testify. FED.

---

[2] Avneri's contention that Needham was not retained is meritless. Besides stating the standard for determining whether an expert is retained, Avneri, in a conclusory manner, states that Needham "was not retained or specially employed." Needham is employed by a third-party and Avneri does not provide any indication that Needham has firsthand knowledge of the events giving rise to the action. Thus, Avneri's contention is without merit. Nevertheless, the Court finds that Needham's report is insufficient under the standard for non-retained experts.

R. CIV. P. 26(a)(2)(C)(ii). The only attached documents with Avneri's original designation are Needham's resume and the repair estimate. Avneri simply explains Needham's anticipated testimony includes the hailstorm's effect on the property and the structural damage resulting from the storm, but offers no statement as to which facts and opinions Needham will use. When a party fails to provide a meaningful "summary of the facts and opinions" forming the basis of a testimony, the disclosure is insufficient. *Motio, Inc. v. BSP Software LLC*, No. 4:12-CV-647, 2016 WL 74425, at *2 (E.D. Tex. Jan. 6, 2016). Because Avneri failed to provide a summary of the facts and opinions Needham is expected to use in her testimony, the disclosure is insufficient under either the retained or non-retained witness standard.

Having found the disclosure insufficient, the Court must determine the appropriate remedy. In determining whether to exclude an untimely designated witness, courts balance four factors: (1) the explanation for failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Based on these factors, the Court finds excluding Needham's testimony is improper.

Under the first factor, the Court must consider Avneri's explanation for the failure to identify Needham properly. Avneri did not attempt to explain or even supplement the insufficient disclosure. Avneri explains that because Needham is a non-retained witness, Avneri does not need to produce a report. Hartford points out, however, that Avneri provides no explanation for the improper designation of Needham even if she is a non-retained witness. Considering Avneri has no significant justification for the insufficient disclosure, this factor favors exclusion of Needham's testimony.

The second factor examines the importance of Needham's testimony to the case. Avneri argues that without the testimony of both Needham and Becker, Avneri cannot prove causation and damages. Hartford recognizes that Needham's opinions are essential to Avneri's claims. While the repair estimate is vague, it is reasonable to assume that Needham did author it because Needham is employed by Scope Ready, LLC. Because of the importance of this testimony to Avneri's case, this factor favors admission. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707–08 (5th Cir. 2007).

Under the third factor, the Court must consider whether Avneri's improper designation prejudices Hartford. Needham has not produced any statement regarding "causation, origin, or age of the alleged damage" and Hartford argues it will be "severely prejudiced" if Avneri later supplements the testimony with causation statements. Avneri argues that Hartford seeks to win the case with "procedural gamesmanship" because Hartford waited nine months to complain about Needham's designation without attempting to depose her before moving to exclude her opinion. According to Avneri, Hartford will not suffer any unfair prejudice or surprise because "the bulk of [Needham's] anticipated testimony is contained in the long-produced estimate of damages." Because Hartford will not have the opportunity to analyze how Needham reached her conclusions, this factor slightly weighs in favor of excluding Needham's testimony.

Finally, the Court considers the availability of a continuance to cure any prejudice. A continuance is the "preferred means of dealing with a party's attempt to designate a witness out of time." *Bradley v. U.S.*, 866 F.2d 120, 127 n.11 (5th Cir. 1989). Excluding Needham's testimony would be a serious sanction for an improper designation. With a continuance, Avneri may supplement the original disclosure with the missing information required by Rule 26 and Hartford may then depose Needham. As such, the prejudice against Hartford is cured by a deposition once

Avneri produces a sufficient disclosure. Hartford argues they are prejudiced even with a continuance because the deadline to refute Needham's undisclosed opinions would have passed by the time they depose her. *See Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-CV-1866-D, 2006 WL 2506957, at *4 (N.D. Tex. Aug. 15, 2006). Trial is scheduled to be set in the Court's January 8, 2018–February 2, 2018 trial window. The Court has broad discretion to balance the Court's interest in efficiency with a party's interest in expert testimony. *See Geiserman*, 893 F.2d at 791. An extension of discovery so that Needham can produce a sufficient report and Hartford may depose her is sufficient to resolve any prejudice. *See Payne v. Brayton*, No. 4:15-CV-00809, 2017 WL 194210, at *4 (E.D. Tex. Jan 18, 2017). Because the prejudice can be cured by a continuance, the fourth factor strongly favors admission of Needham's testimony and report.

The factors favor admission of Needham's testimony. Once Avneri provides a sufficient disclosure under Rule 26, Hartford can depose Needham to understand the previously undisclosed opinions. As such, Avneri must produce a report that is in full compliance with Rule 26(a)(2)(B) within thirty days of this order.

**B. Avneri's Opposed Motion for Leave to Amend Designation of Expert Witnesses**

The second question for the Court is whether to permit Avneri's amended designation of expert witnesses. Avneri argues the Court should grant the motion for leave because the late designation of Becker was "substantially justified" or "harmless." Hartford claims the Court should deny Avneri's motion because the four factors weigh against Avneri and the proposed designation of Becker is insufficient.

Under the first factor, the Court considers Avneri's explanation for Becker's late designation. "[E]xclusion of expert witnesses is particularly appropriate where the party has failed

7

to provide an adequate explanation for their failure to identify their expert within the designated timetable." *Betzel*, 480 F.3d at 707. Avneri's only explanation for the late designation is Becker's unavailability to inspect the property until May 30, 2017—nearly two months after the deadline for Avneri's designation of expert witnesses. In filing the Motion for Leave, Avneri simply stated, "Plaintiff is now aware that its Designation of Expert Witnesses was incomplete" (Dkt. #22). However, becoming "aware" of such incompleteness does not stand as a sufficient explanation for the failure to identify Becker. In addition, in the motion for leave, Avneri failed to provide an expected date of completion of Becker's report.[3] Because Avneri provided little to no reason for the late designation of Becker, this factor favors denial of the motion.

Under the second factor, the Court considers the importance of Becker's testimony. Becker's opinions address causation, which is a contested issue in this case. Hartford argues that if it were true that Becker could not inspect the property until almost two months after the designation deadline, then Avneri should have notified the Court before the deadline passed. The more significant an expert's testimony, "more the reason to be sure its introduction was properly grounded." *Geiserman*, 893 F.2d at 791. Thus, more weight should be given to this factor in favor of allowing late designation. *See Betzel*, 480 F.3d at 708. However, "the importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Id.* (quoting *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996)). In the case at hand, the overall necessity of Becker's testimony favors granting leave.

Under the third factor, the Court analyzes any potential prejudice against Hartford for permitting the late designation of Becker as a witness. A party suffers prejudice if an expert report is produced late because the party missed the opportunity to designate rebuttal witnesses. *Young*

---

[3] On August 11, 2017, Avneri gave notice of Becker's report (Dkt. #30). The Court discusses this under the third factor.

8

*v. Brand Scaffold Servs., LLC*, No. 1:07-CV-917, 2009 WL 4674050, at *5 (E.D. Tex. Feb. 24, 2009). Hartford contends that it would not have the opportunity to designate its own rebuttal experts if the motion for leave is granted. By the time Avneri filed the motion for leave to amend, Hartford's deadline to challenge Avneri's experts had expired. On August 11, 2017, Avneri produced Becker's 200-page engineering report. Considering the length and complexity of Becker's report, Hartford would suffer significant prejudice in rebutting Becker's analysis if the Court permitted the late designation. Thus, this factor weighs against Avneri's request.

Lastly, the Court considers whether a continuance cures any prejudice to Hartford. Hartford already filed its motion for summary judgment on the July 28, 2017 deadline (Dkt. #29). The discovery deadline was September 1, 2017, and trial is scheduled for the Court's January 8, 2018–February 2, 2018 trial window. Hartford contends that a continuance will not cure the prejudice because even if it could depose Becker, the deadline for designating rebuttal witnesses has already passed. Further, Hartford argues a continuance "disrupts" the current Scheduling Order and "rewards [Avneri] for its dereliction of the Court's procedures and the Federal Rules of Civil Procedure" (Dkt. #26). Although a continuance allows counsel to conduct new discovery, it results "in additional delay and increase[s] the expense of defending the lawsuit." *Geiserman*, 893 F.2d at 792. Moreover, a continuance delays trial and the resolution of this case. Litigation efficiency and deadline adherence is "critical to restoring integrity in court proceedings." *Id.* Although a continuance is the preferred resolution of late designation, the late designation of Becker and even later filing of his report favors denial of the motion.

Even though Becker's testimony is important to Avneri's case, that factor, without more, does not outweigh the other factors that favor denying the motion for leave to amend.

Considering that "the trial court has latitude to control discovery abuses and cure prejudice by excluding improperly designated evidence," both Hartford's motion to exclude and Avneri's motion for leave to amend are denied. *Id.* at 791. It would amount to an extreme sanction to exclude both Needham and Becker's testimonies. Since Avneri designated Needham, although improperly, within the Scheduling Order established by the Court, Needham's testimony is not excluded. On the other hand, since Avneri designated Becker two months after the deadline for expert witness designation and produced Becker's report after the dispositive motion deadline and less than one month before the close of discovery, the Court refuses to allow such an untimely designation. For these reasons, both motions are denied.

## CONCLUSION

It is therefore **ORDERED** that Hartford's Motion to Exclude, or in the Alternative, Limit Testimony from Plaintiff's Expert Witness Scope Ready, LLC (Dkt. #16) is hereby **DENIED.**

It is further **ORDERED** that Plaintiff's Opposed Motion for Leave to Amend Designation of Expert Witnesses (Dkt. #22) is hereby **DENIED**.

It is further **ORDERED** that Avneri produce a report that complies with Federal Rule of Civil Procedure 26(a)(2)(B) for Julie Needham within thirty (30) days.

**SIGNED this 10th day of October, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE