# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| YORAM AVNERI | § |
| | § |
| v. | § Civil Action No. 4:16-CV-917 |
| | § Judge Mazzant |
| HARTFORD FIRE INSURANCE COMPANY | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Hartford Fire Insurance Company's Motion for Summary Judgment (Dkt. #29). After reviewing the relevant pleadings and motions, the Court finds Defendant's motion should be denied.

## BACKGROUND

Plaintiff Yoram Avneri purchased a policy ("the Policy") from Defendant covering Plaintiff's property ("the Property") located at 2434 I-35E South, Denton, Texas 76205. The Policy's effective date was from March 1, 2016 through March 1, 2017. On April 11, 2016, a hail and wind storm occurred in Denton, Texas. On April 25, 2016, Plaintiff reported a claim under the Policy alleging the Property sustained substantial damage as a result of the storm. Ultimately, Defendant denied the claim asserting that any damage the Property sustained did not exceed the Policy's deductible. As a result, Plaintiff filed this suit, which Defendant removed to this Court. (Dkt. #1).

On July 28, 2017, Defendant filed its Motion for Summary Judgment (Dkt. #29), and on August 11, 2017, Plaintiff filed his response (Dkt. #31). Subsequently, Defendant filed its reply (Dkt. #32) on August 18, 2017, and Plaintiff filed its sur-reply (Dkt. #33) on August 25, 2017.

## LEGAL STANDARD

Summary Judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The moving party bears the initial burden of identifying the basis for its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). If the moving party satisfies its burden, the nonmovant must present affirmative evidence showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 257; *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs will not suffice to carry this burden. The Court must consider all of the evidence in the light most favorable to the nonmovant, with all reasonable inferences from the evidence made in favor of the nonmovant. *Nola Spice*, 783 F.3d at 536. However, the Court must "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After a careful review of the record and the arguments presented, the Court is not convinced that Defendant has met its burden demonstrating that there is no material issue of fact entitling it to judgment as a matter of law.

## CONCLUSION

It is therefore **ORDERED** that Defendant Hartford Fire Insurance Company's Motion for Summary Judgment (Dkt. #29) is **DENIED**.

**SIGNED this 12th day of October, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE