# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

YORAM AVNERI §
§
v. §  Civil Action No. 4:16-CV-917
§  Judge Mazzant
HARTFORD FIRE INSURANCE §
COMPANY §
§

## AMENDED MEMORANDUM OPINION AND ORDER

On October 12, 2017, the Court issued a Memorandum Opinion and Order (Dkt. #35) denying Defendant Hartford Fire Insurance Company's Motion for Summary Judgment (Dkt. #29). The Court hereby withdraws its previous Memorandum Opinion and Order (Dkt. #35) and enters this order in its place. After reviewing the relevant pleadings and motions, the Court finds Defendant's motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff purchased a policy ("the Policy") from Defendant covering Plaintiff's property ("the Property") located at 2434 I-35E South, Denton, Texas 76205. The Policy's effective date was from March 1, 2016 through March 1, 2017. On April 11, 2016, a hail and wind storm occurred in Denton, Texas. On April 25, 2016, Plaintiff reported a claim under the Policy alleging the Property sustained substantial damage as a result of the storm. Ultimately, Defendant denied the claim asserting that the damage, if any, the Property sustained did not exceed the Policy's deductible. As a result, Plaintiff filed suit in state court, which Defendant then removed to this Court. (Dkt. #1).

On July 28, 2017, Defendant filed its Motion for Summary Judgment (Dkt. #29), and on August 11, 2017, Plaintiff filed his response (Dkt. #31). Subsequently, Defendant filed its reply (Dkt. #32) on August 18, 2017, and Plaintiff filed its sur-reply (Dkt. #33) on August 25, 2017.

## LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The moving party bears the initial burden of identifying the basis for its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). If the moving party satisfies its burden, the nonmovant must present affirmative evidence showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 257; *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs will not suffice to carry this burden. The Court must consider all of the evidence in the light most favorable to the nonmovant, with all reasonable inferences from the evidence made in favor of the nonmovant. *Nola Spice*, 783 F.3d at 536. However, the Court must "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Plaintiff asserted a claim against Defendant for negligent claims handling. (Dkt. #2 at ¶ 46). Defendant argues Texas law does not recognize such a claim. The Court agrees and finds such a claim does not exists under Texas law. *See Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997); *Northwinds Abatement, Inc. v. Emp'r Ins. of Wausau*, 258 F.3d 345, 352 (5th Cir. 2001). Further, Plaintiff abandoned his negligence claim when he failed to respond to Defendant's argument that such a claim did not exist. As a result, the Court finds Plaintiff's negligence claim fails as a matter of law.

However, after a careful review of the record and the arguments presented, the Court is not convinced that Defendant met its burden demonstrating that there is no material issue of fact entitling it to judgment as a matter of law as to the remainder of Plaintiff's claims.

## CONCLUSION

The Court hereby withdraws its previous Memorandum Opinion and Order (Dkt. #35) and enters this order in its place.

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #29) is **GRANTED IN PART AND DENIED IN PART.** Accordingly, the Court grants Defendant's motion as it relates to Plaintiff's negligence claim, but denies it as to Plaintiff's remaining claims.

**SIGNED this 17th day of October, 2017.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE